# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3032
_____

Millard Gutter Company, a Corporation, doing business as Millard Roofing and Gutter; Gillick Enterprises, Inc.; Gross Point Holdings, LLC,

*Plaintiffs - Appellants*,

v.

Nationwide Insurance, also known as Nationwide; Depositors Insurance Company,

*Defendants - Appellees*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 21, 2024
Filed: May 14, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Millard Gutter Company, Gillick Enterprises, Inc., and Gross Point Holdings, LLC (collectively, "Millard") sued Depositors Insurance Company and Nationwide

Insurance for breach of contract and bad faith under Nebraska law. The district court[*] granted summary judgment for Nationwide, and Depositors and Millard reached a judgment by consent. Millard appeals the district court's order granting summary judgment for Nationwide on Millard's claim alleging insurer bad faith. We affirm.

Gillick and Gross Point own commercial property in Omaha. They held a contract of insurance for the property with Depositors. Depositors is a subsidiary of Nationwide, and Nationwide is involved in processing and adjusting claims for Depositors.

Following heavy storms, Gillick and Gross Point noticed a water leak and storm damage to some of the buildings on their property. After Depositors acknowledged that the property had sustained covered losses, Gillick and Gross Point hired Millard Gutter to repair the property. In exchange for Millard Gutter's repair services, Gillick and Gross Point assigned the right to the proceeds of their insurance policy to Millard Gutter.

Before starting repairs, Millard Gutter provided Depositors with an assessment of the damage and an estimate of the repair cost. Depositors authorized repairs according to an estimate prepared by its own consultant. The parties' dispute centers on the difference between the cost of repairs authorized by the insurance company's estimate and the cost of repairs that Millard Gutter deemed necessary when it completed the work. Depositors refused to cover all of the repair costs incurred by Millard Gutter.

Millard sued Depositors and Nationwide for breach of the insurance policy and insurer bad faith. The district court granted summary judgment for Nationwide on

---

[*]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

both claims. The court dismissed Millard's bad faith claim against Depositors, and Millard eventually resolved its breach of contract claim against Depositors by securing a consent judgment.

Millard appeals the district court's order granting summary judgment for Nationwide on the bad faith claim. The district court ruled that Nationwide could not be held directly liable for bad faith because Nationwide was not in privity of contract with Millard. The court then ruled that Nationwide could not be held vicariously liable for acts of Depositors, because the two companies were separate corporate entities, and Millard had not presented sufficient evidence to justify "piercing the corporate veil between Nationwide and Depositors."

On appeal, Millard does not challenge the district court's reasoning on the two theories of liability that the court addressed. Instead, the company critiques the district court for failing to consider that Nationwide could be held liable as an agent of Depositors in the claims adjustment process. In the district court, however, Millard did not argue that Nationwide should be liable as an agent or third-party claims adjuster. Millard argued only that Nationwide and Depositors were alter egos, and that Nationwide could be liable for actions of Depositors on that basis. Millard did not refer to Nationwide as an agent of Depositors or as a third-party claims adjuster in its complaint, brief in support of partial summary judgment, or brief in opposition to Nationwide's motion for summary judgment. R. Doc. 1-3; R. Doc. 70; R. Doc. 93.

This court ordinarily will not consider an argument raised for the first time on appeal, and we see no reason here to depart from ordinary practice. *Peter Kiewit Sons', Inc. v. Wall Street Equity Grp., Inc.*, 809 F.3d 1018, 1022 (8th Cir. 2016). Having failed to convince the district court that the evidence supported its alter ego theory of liability, Millard seeks to advance a novel agency theory on appeal. There is no good cause for Millard's failure to raise this contention in the district court and

no manifest injustice in this court declining to entertain the argument for the first time on appeal.

The judgment of the district court is affirmed. Nationwide's motion for an order finding the appeal frivolous is denied.

_____